■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD B. GREEN, Appellant.—Weiss, J. Appeals (1) from a judgment of the County Court of Albany County (Keegan, J.), rendered November 29, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered June 6, 1990, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On August 22, 1988 the Albany City Police Department received information that Johnny Alexander, the subject of a recent complaint and an outstanding arrest warrant, was expected to arrive at the Albany Trailways bus terminal that night on the 11:00 P.M. bus from New York City. Alexander's wife described him as 5 feet 8 or 9 inches tall, weighing 165 pounds, with black hair and brown eyes. The warrant was confirmed by a teletype message which indicated that Alexander was 6 feet tall.

Two police officers went to the bus station and observed the passengers who disembarked from the 11:00 P.M. bus from New York City. They approached defendant, who fit the general description of Alexander, and asked for identification. In the process of retrieving his wallet from his traveling bag, a clear plastic baggie containing three marihuana cigarettes was exposed in plain view of one of the officers. When told he was being arrested for marihuana possession, defendant fled the terminal and abandoned his travel bag. A search of the bag revealed approximately six ounces of cocaine. Defendant was apprehended, tried and convicted.

On this appeal defendant contends that the police lacked an objective, credible reason to stop him in a public place because the description they had of Alexander differed significantly from his description. However, the police had been provided with credible information that Alexander was on that specific bus and after observing all of the passengers they approached defendant, who fit within the reasonable range of the description *(see, People v Landy,* 59 NY2d 369; *People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023). The police had a proper basis to approach him and request identification *(see, People v De Bour,* 40 NY2d 210), which he freely proceeded to offer despite his right to refuse. The record is barren of any indicia of coercion as evidenced by defendant's testimony, "He [the police officer] asked me for some identification", and "He says, 'Just show me your identification'." This conduct did not rise to the level of improper pressure, and under the circumstances, the minor police intrusion was fully justified *(see, People v Landy, supra).* Nor is there any merit to defendant's contention about the marihuana which came into plain view when he opened his travel bag and reached inside for his wallet.

Defendant next contends that the denial of his CPL 440.10 motion to vacate the judgment of conviction should be reversed in the interest of justice. He argues that he should not be charged with defense counsel's failure to challenge the prosecutor's use of peremptory challenges to eliminate black jurors or to challenge the basis of the police information which led to their approach and inquiries *(see, People v Landy, supra,* at 375). We disagree. It was well within the discretion of County Court to deny the motion since there was no record of the voir dire and the other assertions were only conclusory allegations *(see,* CPL 440.10 [3] [a]). The failure of defendant to raise these issues at trial deprived the People of an opportunity to fairly present proof and make a record subject to review. We conclude that it would be inappropriate to exercise our discretion and review the issues on this barren record.

Mahoney, P. J., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment and order are affirmed.